OPINION
This is an appeal from a decision of the Richland County Court of Common Pleas.
The sole Assignment of Error is:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO CHANGE VENUE AND ALTERNATIVE MOTION TO DISMISS WHEN THE PARTIES FREELY BARGAINED FOR A FORUM SELECTION CLAUSE AND PLAINTIFF FAILED TO ADDUCE ANY EVIDENCE THAT ENFORCEMENT WOULD BE UNREASONABLE OR UNJUST.
The facts on this matter relative to the Assignment of Error are not in dispute.
On February 11, 1998, appellee Mansfield Family Restaurant (MFR) entered into an agreement with CGS Worldwide, Inc. (CGS) wherein the latter would collect certain NSF checks for a percentage of the face amount. (Def. Ex. 1)
In order to provide the services contemplated to be performed by CGS under such agreement, authorizations were issued by MFR to its banks, Bank One and Richland Bank.
For purposes of the Assignment of Error, paragraph 5 of the contract is in issue:
 This agreement shall be construed interpreted and governed by the laws of the State of Texas. Any action or proceeding brought by either party which is based on or derived from this agreement shall be brought in a County or State location within the county of Tarrant (State of Texas). The parties hereto consent to the personal jurisdiction of such Courts. The Assignee reserves the right to cease acceptance, assignment, or purchase of Merchant's checks at anytime.
As a basis for the decision of the trial court in denying the Motion for change of venue submitted pursuant to such paragraph 5 we must examine paragraphs 1, 2 and 6.
Paragraphs 1 and 2 are as follows:
 1. The above Merchant sells and assigns, and the above Assignee purchases, all the Merchants rights, title and interest in all checks of $1,000.00 or less, forwarded to the Assignee by or in behalf of the Merchant, that have been returned to the Merchant for reason of insufficient funds.
 PAYMENT Assignee shall pay the Merchant 90% of the face value of all checks forwarded to the Assignee after such check has been assigned to the Assignee for a period of sixty (60) days and/or upon completion of proper auditing by the Assignee.
2. Merchant, upon initial receipt of any check from a customer of the Merchant, agrees to:
 A. Print the maker's name upon the check unless it is already imprinted.
 B. Print the maker's physical address upon the check unless it is already imprinted.
 C. Print the maker's home and work telephone numbers and area codes upon each check unless it already is imprinted.
 D. Print the maker's driver's license number (and state of issuance) upon the check unless it is already imprinted.
 Merchant's failure to obtain any of the above information on any given check shall disqualify the check as a "check" as defined in part One (1) of this agreement. Additionally, any check determined by the assignee to be lost, stolen, or forged shall also be disqualified. Temporary checks shall also be disqualified.
The pertinent part of paragraph 6 relied upon by appellant as to authority relative to the $42,500.00 check in question is as follows:
 The Assignee reserves the right to take assignment of any check delivered to it, cease acceptance of Merchant's check(s) at any time and be allotted a discount of thirty-nine percent on any check(s) not complying to part Two (2) of this agreement.
We must reject the Assignment of Error.
The contract in paragraph 1 assigns the merchant's (MFR) right, title and interest in all checks in excess of $1,000.00.
Paragraph 2 defines the merchant's obligations as to information concerning the maker of the check and by the last sub-paragraph thereunder disqualifies any instrument as a "check" if such data is lacking.
Paragraph 6, speaks of checks assigned to it.
While it may be argued that an instrument lacking any of the required information is not a check under paragraph 6, a broad interpretation of these two conflicting paragraphs read most favorably to appellant could be construed to include instruments such as checks when data was omitted.
We have presented such interpretation merely because appellant has relied on such an interpretation. (T. at 89).
The essence of this cause, however, and upon which the trial court rendered its decision is that paragraph 6 is predicated upon an assignment of a check.
Since paragraph 1 assigns only those checks with a face value of less than $1,000.00, the $42,500.00 check sub judice was never assigned and therefore could not be within the purview of those portions of paragraph 6 which apparently references instruments lacking in maker information.
Since this check exceeded the $1,000.00 assignment limit, the contract in question was not applicable and therefore, of course, paragraph 5 as to venue did not apply as the cause of action of the appellee did not arise under the contract.
It is unnecessary to comment on the cases cited by appellant in support of its position on venue as, since the contract is not applicable, the validity of paragraph 5 is of no consequence.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to Appellant.
Boggins, J. Farmer, P.J. Wise, J.